UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
BONNETT LIGHTBODY, et al.,

                      Plaintiffs,

    -against-                                      <u>MEMORANDUM AND ORDER</u>
                                                         09-CV-5493 (ILG)
GIRLIE'S AMBULETTE SERVICE INC., et al.,

                      Defendants.

---------------------------------------------------x

GLASSER, United States Senior District Judge:

       On December 16, 2009, plaintiffs Bonnett Lightbody and Gerald Joseph filed a complaint on behalf of themselves and others similarly situated under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") against Girlie's Ambulette Service Inc. ("GAS") and individual defendants Aubrey Williams and James Lee. In a letter dated July 20, 2010, counsel for defendants GAS and Williams informed the Court that GAS had filed for bankruptcy on October 29, 2009 and requested that this action therefore be stayed.[1] On July 21, 2010, the Court granted the stay. On July 22, 2010, defendant Lee moved the Court to clarify that he was included within this stay, and on July 26, 2010, the Court so ordered.

       On July 24, 2010, plaintiffs moved for reconsideration of the stay as to the individual defendants, Williams and Lee. After due reconsideration, for the reasons stated below, this

---

[1] Prior to this stay request, plaintiffs had moved for entry of default, which was entered by the Clerk of Court on April 30, 2010. On May 10, 2010, plaintiffs moved for a default judgment. On June 11, 2010, defendants responded with a cross-motion to set aside the default. These motions are still pending.

1

Courts' orders of July 21, 2010 and July 26, 2010 are vacated to the extent that they stay proceedings against Williams and Lee. The stay remains in place against GAS.

## DISCUSSION

### 1. Standard of Review

#### a. Motion for Reconsideration

A district court will normally grant a motion to amend an order only "to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004). Plaintiffs argue that the automatic bankruptcy stay applies only to a defendant in bankruptcy, in this case GAS, and not to non-debtor co-defendants, and thus the Court committed a clear error of law by staying proceedings against all three defendants.

#### b. Automatic Bankruptcy Stays

Under 11 U.S.C. § 362(a)(1), a bankruptcy filing automatically stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." The bankruptcy judge is authorized, under 11 U.S.C. § 362(d), to "grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay."

### 2. Proper Court for Relief

Before reaching the merits of plaintiffs' argument it is necessary to briefly address an argument made by defendants GAS and Williams. They argue that, notwithstanding the

2

potential merit of plaintiffs' argument, relief from the stay is properly directed to the bankruptcy court under 11 U.S.C. § 362(d), and thus the motion to reconsider should be denied.

In support of this argument, they point to <u>Teachers Ins. & Annuity Ass'n of Am. v. Butler</u>, 803 F.2d 61, 65 (2d Cir. 1986), for the proposition that a request for "relief from this stay should be directed to the bankruptcy court." A careful reading of <u>Butler</u>, however, leads to precisely the opposite conclusion. In <u>Butler</u>, a California bankruptcy judge had issued a temporary restraining order preventing the enforcement against a debtor partnership and three non-debtor general partners of a judgment entered by the Southern District of New York. <u>Id.</u> at 62–63. Plaintiffs subsequently sought from the district court an injunction prohibiting collateral attack on the court's judgment. <u>Id.</u> at 63. On appeal, the Second Circuit found that the automatic bankruptcy stay acted to stay proceedings with respect to the partnership, but, importantly, held that the stay had no application with respect to the general partners. <u>Id.</u>

The language in <u>Butler</u> quoted by defendants GAS and Williams indicates only that with respect to the automatic bankruptcy stay of proceedings against GAS, relief is properly sought from the bankruptcy court. But plaintiffs do not contest this. Plaintiffs do not seek to have the automatic stay vacated and have not challenged its applicability to GAS[2] (the only defendant who is a party to the bankruptcy action), but rather they challenge the stay of proceedings as to Williams and Lee pursuant to orders issued by this Court. Because it is this Court's order that is being challenged, and not an order of the bankruptcy court or an automatic bankruptcy stay, it is properly challenged in this Court.

### 3. Automatic Stay

---

[2] Plaintiffs do state that they are considering an application in the bankruptcy court to lift the stay as to GAS. Such a motion, however, is not before this Court.

As plaintiffs correctly note, the case law is clear that an automatic bankruptcy stay pursuant to § 362(a) applies only to the debtor and not to non-debtor co-defendants.[3] <u>Butler</u>, 803 F.2d at 65 ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); see also <u>Chord Assocs. LLC v. Protech 2003-D, LLC</u>, No. 07-5138 (JFB)(AKT), 2010 WL 1257874, at *3 (E.D.N.Y. Mar. 25, 2010); <u>Chung v. New Silver Palace Rest., Inc.</u>, 246 F. Supp. 2d 220, 226 (S.D.N.Y. 2002) (automatic bankruptcy stay does not apply to non-debtor employees of bankrupt employer in FLSA action). In light of this, the application of the automatic bankruptcy stay as provided by § 362(a) to the non-bankrupt co-defendants was a clear error of law.

## 4. Discretionary Stay

Even though the claims against Williams and Lee are not covered by the automatic bankruptcy stay, this Court might still invoke its discretionary authority to stay the proceedings against them. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). The proponent of a stay, however, "bears the burden of demonstrating that such a stay is justified." <u>WorldCrisa Corp. v. Armstrong</u>, 129 F.3d 71, 76 (2d Cir. 1997). Williams and Lee have made no such

---

[3] The Second Circuit has recognized a narrow exception to this rule where "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." <u>Queenie, Ltd. v. Nygard Int'l</u>, 321 F.3d 282, 287-88 (2d Cir. 2003) (internal quotations and citations omitted). Defendants have not suggested that the exception applies in this case.

4

showing that a stay of proceedings against them is appropriate.[4]  The stay must therefore be lifted as against Williams and Lee.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for reconsideration is GRANTED.  To the extent that the Court's orders of July 21, 2010 and July 26, 2010 apply to defendants Williams or Lee, those orders are VACATED.

SO ORDERED.

Dated:      Brooklyn, New York
            August 27, 2010

                                    /s/
                                    I. Leo Glasser
                                    United States Senior District Judge

---

[4] "Court generally consider five factors in determining whether to stay a proceeding, including:  (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  Fagan v. Republic of Austria, No. 08 Civ. 6715(LTS)(JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009).

**Copies of the foregoing memorandum and order were electronically sent to:**

**Counsel for the Plaintiffs**

Ugochukwu Uzoh
Ugochukwu Uzoh P.C.
255 Livingston Street
4th Floor
Brooklyn, NY 11217

**Counsel for the Defendants**

For Girlie's Ambulette Service Inc. and Aubrey Williams

Raymond Nardo
Attorney at Law
129 Third Street
Mineola, NY 11501

For James Lee

Laurence Benet McMillan
L. Benet McMillan, Esq.
716 School Drive
Baldwin, NY 11510

Raymond Nardo
(see above)